■ MONTICELLO LUMBER & MANUFACTURING CO., INC., Appellant, v. WILLIAM E. SORRELL, Respondent.— Motion to dismiss appeal granted, without costs, unless appellant perfects appeal, files note of issue, and files and serves record and brief on or before December 15, 1959, and is ready for argument at the January 1960 Term of this court, in which event the motion is denied. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE FORTSON, Respondent, against MAURICE DEAN, as Sheriff of Schuyler County, Appellant. — Appeal by Sheriff of Schuyler County from an order of the County Court sustaining a writ of habeas corpus. The matter was before this court on a writ of error coram nobis — which was denied — and the facts are set forth therein in detail. (People v. Fortson, 7 A D 2d 139.) In 1954 relator was indicted for grand larceny, first degree, the indictment alleging the value of the property — an automobile — to be $500. On June 23, 1954, he was arraigned in County Court, was advised and waived counsel, entering a plea to the indictment and as a second offender, was sentenced to a term of 5 to 10 years. No demurrer was filed to the indictment nor was a demand for a bill of particulars or a motion in arrest of judgment made. The crime charged, larceny, being a crime of degree, was on its face defective, the description of the crime — value of the property — constituting grand larceny, second, and not grand larceny, first. Had the error been noted at that time, it could have been corrected by the District Attorney recommending and the court consenting to a plea of larceny, second degree (Code Crim. Pro., § 342-a). The indictment was not void ab initio (People v. Oliver, 3 N Y 2d 684–686). The petition alleges two grounds for relief. First, the judgment was based on an invalid indictment which deprived the court of jurisdiction and second, failure to comply with section 480 of the Code of Criminal Procedure. The court sustained the writ on the latter ground. The court refers to a reading of the minutes [not printed as part of record] of the hearing in 1954 and of the County Clerk and found noncompliance with section 480 of the Code of Criminal Procedure. We note that the judgment of June 23, 1954, contains the following: " The defendant is now asked by the clerk of the court whether he has any legal cause to show why judgment should not be pronounced against him and no sufficient cause being alleged ". This particular part of the order sustaining the writ is not questioned on appeal by the District Attorney and his brief would appear to concede failure to comply. Immediately after sustaining the writ the County Court arraigned defendant and in compliance with section 480 asked him if he had " any legal cause why judgment should not be passed upon you ". His counsel advised the court he had such grounds; that the indictment was " faulty ". After some further proceedings the defendant was allowed to enter a plea to guilty of grand larceny, second degree, and sentenced to not less than two and one-half or more than four years in State prison. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE G. SMITH, Appellant.— Application for assignment of counsel. Application denied. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.